[No. 5957-0-III.   Division Three.   April 16, 1985.]

THE ESTATE OF ALBERT GERALD SMITH, *Appellant,*
v. GENE L. KINNEY, ET AL, *Respondents.*

*Donald W. Moore,* for appellant.

*Scott C. Broyles* and *Jack R. Little,* for respondents.

GREEN, C.J.—Albert Smith was driving his automobile from his home in Clarkston, Washington, to Missoula, Montana. Near the summit of Lolo Pass in Idaho, a grain truck passing on a blind curve collided with Smith's automobile causing his death. The grain truck, owned by Matthew Canfield, was leased to Builders Transport, Inc., and driven by Gene L. Kinney. The personal representative of the Smith estate filed this action in Asotin County against the driver, owner and the corporate lessee of the truck who were all Montana residents. The estate alleged these parties were doing business in Washington. A motion to dismiss for lack of jurisdiction was granted and the Smith estate appeals. We affirm.

The sole issue is whether the Washington long–arm statute, RCW 4.28.185(1), provides a basis for exercising jurisdiction over the nonresident defendants.

The estate's position is that the corporation was engaged in the transaction of business in this state at the time of the accident; Mr. Smith would be alive but for the transac-

tion of business in this state; the injury and damage to the decedent's estate occurred in Washington; therefore this State has jurisdiction over the Montana residents. The defendants contend, on the other hand, there was no tortious act in Washington; the tort did not arise out of the transaction of business *within* this state; therefore the long–arm statute does not apply.

The long–arm statute, RCW 4.28.185(1), provides:

> Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, . . . to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
> (a) The transaction of any business *within* this state;
> (b) The commission of a tortious act *within* this state;
> . . .

(Italics ours.)

■ It was apparent the Montana residents were not transacting business *within* the state of Washington at the time of the accident. The fact they were en route to Washington where the grain would have been delivered does not bring them within this statutory provision. The estate's reliance on *Thiry v. Atlantic Monthly Co.,* 74 Wn.2d 679, 445 P.2d 1012 (1968) is misplaced. There, the tortious or wrongful act, a libelous article about a Washington resident, occurred in Boston, Massachusetts. However, the article was circulated to subscribers in Washington as part of the publisher's transaction of business *within* this state. Similar fact patterns exist in the other cases cited by the estate. *Bowen v. Bateman,* 76 Wn.2d 567, 458 P.2d 269 (1969). *Golden Gate Hop Ranch, Inc. v. Velsicol Chem. Corp.,* 66 Wn.2d 469, 403 P.2d 351 (1965), *cert. denied,* 382 U.S. 1025 (1966); *Nixon v. Cohn,* 62 Wn.2d 987, 385 P.2d 305 (1963). Those cases involve situations where the tort occurred in another state and the item was sent into this state where it directly injured a Washington resident. None of the cases cited by the estate support its position.

■ Here, the tort occurred in Idaho. The significant

injury—the death—occurred in Idaho. The contention this State has jurisdiction because some of the monetary damages flowing from that death affected the decedent's estate in Washington is too remote to invoke this State's jurisdiction under the long-arm statute.

> [T]here are three basic factors which must coincide if jurisdiction is to be entertained. Such would appear to be: (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

(Footnotes omitted.) *Tyee Constr. Co. v. Dulien Steel Prods., Inc.,* 62 Wn.2d 106, 115–16, 381 P.2d 245 (1963). The court in *Oertel v. Bradford Trust Co.,* 33 Wn. App. 331, 337, 655 P.2d 1165 (1982), after applying the factors outlined in *Tyee,* observed:

> The sole connection between the alleged tort which occurred wholly outside Washington and Oertel was that Oertel was the person who suffered the loss. Applying Oertel's theory, if the owner of the hop ranch involved in the *Golden Gate Hop Ranch* case had been a resident of Arizona, Arizona could assert jurisdiction over the defendant merely by virtue of the fact that the plaintiff was a resident of Arizona, and therefore suffered the financial impact in Arizona from the damage done to his hop ranch in Washington. We conclude that the *"commission of a tortious act" in Washington is not established merely by showing that a resident of Washington suffered a loss.* RCW 4.28.185(1)(b) does not apply here.

(Italics ours.) That is the situation here and we reach the same conclusion.

Affirmed.

MUNSON and THOMPSON, JJ., concur.